IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN SHULMAN, ET AL. | : | |
| | : | |
| Plaintiffs, | : | No. 3:08-CV-00229 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| CHROMATEX, INC., ET AL. | : | |
| | : | |
| Defendants | : | |
| | : | |

**O R D E R**

January 22, 2009

**BACKGROUND:**

Plaintiffs Alan Shulman, Stanley Siegel, Ruth Cherenson as personal representative of the estate of Alan Cherenson, and Adrienne Rolla and M.F. Rolla as executors of the estate of Joseph Byrnes commenced this civil action on February 5, 2008, pursuant to 42. U.S.C. § 9613(f), seeking contribution from defendants Chromatex, Inc., Rossville Industries, Inc., Rossville Companies, Inc., Rossville Investments, Inc. f/k/a A&E Leasing Company (the "Chromatex Defendants") and Culp, Inc. in connection with the court-ordered environmental cleanup of Valmont Industrial Park, Hazle Township, Luzerne County, Pennsylvania, and a declaratory judgment for future cleanup costs regarding the

1

same location.

On November 25, 2008, McNees Wallace & Nurick LLC ("MWN"), counsel to the Chromatex Defendants, filed a "Motion To Withdraw As Counsel," (Rec. Doc. No. 22), citing the Chromatex Defendants' refusal to communicate with MWN or pay for legal services rendered as the rationales for withdrawal. (Id. at pp. 2-3). Hon. A. Richard Caputo, United States District Court for the Middle District of Pennsylvania, granted that motion in his Order of December 2, 2008. (Rec. Doc. No. 23).

On December 10, 2008, plaintiffs filed a "Motion to Direct Defendants to Secure Replacement Counsel," (Rec. Doc. No. 24), which is now before us. A supporting brief was also filed the same day. (Rec. Doc. No. 25). Plaintiffs request that (1) the court direct the Chromatex Defendants to obtain new counsel; (2) the court direct MWN to cause to be served on these defendants any order issued concerning this motion; and, (3) in the alternative, the court reconsider the Order granting MWN leave to withdraw from the case. (Rec. Doc. No. 24, pp. 1-2).

This case was reassigned to us on January 9, 2009, by Order of Judge Caputo. (Rec. Doc. No. 26).

This motion is now ripe for disposition. For the following reasons, we will

deny plaintiffs' motion.

**DISCUSSION:**

In the first place, we pay deference to Judge Caputo's judgment and will decline to reconsider his Order granting MWN leave to withdraw from the case. MWN set forth sufficient reasons for seeking leave to withdraw.  Additionally, we find that it is sufficient for the clerk to serve this Order upon the Chromatex Defendants via U.S. Mail and find no legitimate reason to prolong MWN's involvement in this case.  Therefore, we shall only evaluate plaintiffs' request that we direct the Chromatex Defendants to obtain new counsel.

It is well established that the Chromatex Defendants, as corporations, may not participate in pro se representations in federal court.  Buschmeier v. G&G Invs., Inc., 222 Fed. Appx. 160, 162 (3d Cir. 2007) (citing Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)); see Simbraw, Inc. v. United States, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam).  A corporation may appear in federal courts only via licensed counsel.  Id.  Consequently, we agree with plaintiffs that this case may not proceed until these corporate defendants acquire new counsel of record.  See Rowland, 506 U.S. at 201-02.

However, we are unable to conclude that plaintiffs will be aggrieved if the

Chromatex Defendants fail to obtain replacement counsel. If these defendants continue to neglect their duties regarding discovery or this case's advancement, (see Rec. Doc. No. 25, pp. 7-8), they risk entry of default judgment upon plaintiffs' motion. See, e.g., Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp., No. 1:04-CV-1611, 2008 WL 144454, at *2 (M.D. Pa. Jan. 11, 2008) (Conner, J.). Moreover, plaintiffs failed to cite any legal authority imposing upon this court a duty to direct a party to obtain new counsel. Therefore, although we strongly encourage the Chromatex Defendants to obtain new counsel, we will not direct then to do so.

**CONCLUSION:**

For the forgoing reasons, we will deny plaintiffs' "Motion to Direct Defendants to Secure Replacement Counsel." (Rec. Doc. No. 24).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' motion to direct Chromatex, Inc., Rossville Industries, Inc., Rossville Companies, Inc. and Rossville Investments, Inc. f/k/a A&E Leasing Company to obtain new counsel is DENIED. (Id.).

2. Plaintiffs' motion requesting the court direct McNees Wallace & Nurick

LLC to serve this Order upon Chromatex, Inc., Rossville Industries, Inc., Rossville Companies, Inc. and Rossville Investments, Inc. f/k/a A&E Leasing Company is DENIED. (Id.).

3. Plaintiffs' motion requesting the court reconsider the Order granting McNees Wallace & Nurick LLC leave to withdraw from the case is DENIED. (Id.).

4. The clerk is directed to serve this Order upon Chromatex, Inc., Rossville Industries, Inc., Rossville Companies, Inc. and Rossville Investments, Inc. f/k/a A&E Leasing Company by mailing a copy to each entity.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge