IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN SHULMAN, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:08-CV-0229 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CHROMATEX, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

October 8, 2010

## I. BACKGROUND

On February 5, 2009, plaintiffs Alan Shulman; Stanley Siegel; Ruth Cherenson, as personal representative of the estate of Alan Cherenson; and Adrienne Rolla and M.F. Rolla, as executors of the estate of Joseph Byrnes ("Plaintiffs"), instituted this civil action. (Rec. Doc. No. 1). Plaintiffs named as defendants in their original complaint Chromatex, Inc. ("Chromatex"); Rossville Industries, Inc. ("Rossville Industries"); Rossville Companies, Inc. ("Rossville Companies"); Rossville Investments, Inc. F/k/a A&E Leasing Company ("Rossville Investments"); and Culp, Inc. ("Culp").

At issue in the case is what party or parties should be deemed liable for additional and future response costs incurred by the United States Environmental

Protection Agency ("EPA") concerning a property located in the Valmont Industrial Park in Luzerne County, Pennsylvania ("Property"). The Property was purchased in July of 1978 by The Valmont Group, apparently a Pennsylvania general partnership,[1] comprised of partners Alan Shulman, Stanley Siegel, Alan Cherenson, James Cochran, and Joseph Byrnes.

## II. PROCEDURAL HISTORY

On March 24, 2008, defendant Culp filed an answer to the original complaint, as well as a crossclaim against Chromatex, Rossville Industries, Rossville Companies, and Rossville Investments. (Rec. Doc. No. 13). On April 9, 2008, defendants Chromatex, Rossville Industries, Rossville Companies, and Rossville Investments filed an answer to the complaint. (Rec. Doc. No. 16). Defendants Chromatex, Rossville Industries, Rossville Companies, and Rossville Investments filed an answer to defendant Culp's crossclaim on April 14, 2008. (Rec. Doc. No. 17).

On December 23, 2008, the Honorable A. Richard Caputo granted the motion by counsel for Chromatex, Rossville Industries, Rossville Companies, and Rossville Investments to withdraw as counsel. (Rec. Doc. Nos. 23 and 22). The

---

[1] Initially, it was alleged that the partnership was a New Jersey one. However, it was recently disclosed to this Court that the partnership was a Pennsylvania general partnership. (Rec. Doc. No. 73 at 14).

instant case was reassigned to the undersigned judge on January 9, 2009. (Rec. Doc. No. 26). On January 22, 2009, this court denied the plaintiffs' motion seeking to direct the defendants to secure replacement counsel. (Rec. Doc. No. 27 and 26).

Plaintiffs filed a motion to compel discovery on February 26, 2009, as well as a brief in support. (Rec. Doc. Nos. 32 and 33). On March 25, 2009, this court granted the plaintiffs' motion to compel discovery. (Rec. Doc. No. 34). The plaintiffs filed a renewed motion to compel responses to discovery requests that were served on Rossville Industries and a brief in support thereof. (Rec. Doc. Nos. 37 and 38). This court granted the plaintiffs' renewed motion to compel discovery on June 2, 2009. (Rec. Doc. No. 42).

On June 1, 2009, plaintiffs filed a motion seeking to extend the time in which to complete discovery. (Rec. Doc. No. 39). Although defendant Culp did not oppose the motion, Culp did file a response in which it clarified several statements made by plaintiffs in their motion seeking to extend time in which to complete discovery. (Rec. Doc. No. 40). On June 2, 2009, this court granted the plaintiffs' motion. (Rec. Doc. No. 41). This court granted an additional motion for an extension of the discovery period on October 16, 2009. (Rec. Doc. Nos. 53 and 49).

3

On September 18, 2009, the plaintiffs filed a motion in which they sought leave to file an amended complaint. (Rec. Doc. No. 43). After briefing, we granted this motion on December 16, 2009. (Rec. Doc. No. 57). On December 17, 2009, plaintiffs filed an amended complaint. (Rec. Doc. No. 58).

With their amended complaint, the plaintiffs have added a number of defendants. These additional defendants include Ronald W. Satterfield; Virginia C. Love and Suntrust Bank as executors of the estate of W. Frank Hutcheson; Feldspar Investments, LLC; and Feldspar Properties, LLC.

In addition, with their amended complaint, the plaintiffs have added a number of new claims. These new claims include a tortious interference with contract claim against Rossville Companies, Rossville Investments, Ronald W. Satterfield ("Satterfield") and the executors of the estate of W. Frank Hutcheson ("Hutcheson"), and Culp (Count V); a claim for fraudulent conveyance in violation of the Pennsylvania Uniform Fraudulent Conveyance Act, 39 P.S. § 351 et seq., against Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, and Satterfield and Hutcheson (Count VI); and, pursuant to the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S. § 5101 et seq., a claim for fraudulent transfer against Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, Satterfield and Hutcheson, and Feldspar

4

Investments and Feldspar Properties (Count VII). The amended complaint also includes a conspiracy to defraud creditors claim against Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, Satterfield and Hutcheson, and Culp (Count VIII); a breach of fiduciary duty claim against Rossville Companies, Rossville Investments, and Satterfield and Hutcheson (Count IX); and an equitable accounting claim against Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, Satterfield and Hutcheson, Feldspar Investments and Feldspar Properties, and Culp (Count X). Finally, plaintiffs added an unjust enrichment claim against Rossville Companies, Rossville Investments, Satterfield and Hutcheson, and Feldspar Investments and Feldspar Properties (Count XI).

On January 8, 2010, defendant Culp filed an answer to the amended complaint, as well as a counterclaim against the plaintiffs and a cross-claim against Chromatex, Rossville Companies, and Rossville Investments. (Rec. Doc. No. 62). On January 26, 2010, defendants Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, Satterfield, Feldspar Investments, and Feldspar Properties ("Rossville Defendants") filed an answer to the amended complaint, as well as a counterclaim against the plaintiffs and a third party complaint against The Valmont Group, a general partnership with its principal

place of business in Pennsylvania. (Rec. Doc. No. 71). Virginia C. Love and SunTrust Bank, co-executors of the estate of W. Frank Hutcheson, filed their answer, with affirmative defenses, on March 5, 2010. (Rec. Doc. No. 87).

On January 29, 2010, plaintiffs filed a motion to dismiss defendant Culp's counterclaims. (Rec. Doc. No. 72). On February 4, 2010, the Rossville Defendants filed a "Motion to Dismiss or, in the Alternative, to Stay Proceedings." (Rec. Doc. No. 75). Plaintiffs filed a motion to dismiss the counterclaims filed by the Rossville Defendants. (Rec. Doc. No. 81). On March 24, 2010, after these motions were fully briefed by the parties, this court granted the plaintiffs' motion to dismiss Culp's counterclaims (Rec. Doc. No. 72), denied the Rossville Defendants' motion to dismiss or stay the proceedings (Rec. Doc. No. 75), and granted the plaintiffs' motion to dismiss the counterclaims filed by the Rossville Defendants (Rec. Doc. No. 81).

Currently before the court are two motions filed by the plaintiffs. First, plaintiffs filed, on June 7, 2010, a motion for sanctions against defendants Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, and Satterfield, with a brief in support. (Rec. Doc. Nos. 90 and 91). More specifically, plaintiffs allege that these defendants, inter alia, failed to disclose and produce relevant evidence during discovery and in fact destroyed relevant

6

evidence.  (Rec. Doc. No.  90 at 8-12).  Plaintiffs contend that, pursuant to Fed. R. Civ. P. 37(b)(2) and (C), plaintiffs are entitled to the entry of default judgment in their favor and against defendants Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, and Satterfield.  Id. at 15-21.  Plaintiffs also contend that they are entitled to fees and costs incurred in the motion and brief filed seeking sanctions.  See id. at 18; see also Fed. R. Civ. P. 37(a)(5), (b)(2)(C).  On June 15, 2010, Defendant Culp filed a response to the plaintiffs' motion for sanctions in which Culp requested "that any such default judgment should be entered in a manner that fully preserves Culp's right to defend itself against liability on such claims."  (Rec. Doc. No. 92 at 1-2).  Defendants Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, and Satterfield filed a brief in opposition on June 22, 2010, in which they contend that default judgment is an inappropriate sanction for either a failure to comply with court orders compelling responses to discovery requests or the destruction of documents relating to plaintiffs' claims.  (Rec. Doc. No. 93 at 9-23).  Plaintiffs filed a reply brief in support of their motion for sanctions on July 6, 2010.  (Rec. Doc. No. 96).

Second, plaintiffs also filed a motion to compel on June 22, 2010, with a brief in support.  (Rec. Doc. Nos. 94 and 95).  With this motion, plaintiffs ask that this court issue an order compelling defendants Feldspar Investments, Feldspar

Properties, and Satterfield to make disclosures pursuant to Fed. R. Civ. P. 26(a) and provide proper responses to outstanding discovery requests and interrogatories. (Rec. Doc. No. 94 at 1). On July 12, 2010, plaintiffs filed a document with this court in which they contend that the defendants should be deemed to not oppose the motion to compel, as the defendants failed, in violation of Middle District Local Rule 7.6, to file a brief in opposition to the motion to compel within fourteen days after service of the plaintiffs' brief. (Rec. Doc. No. 97 at 1). Pursuant to Local Rule 7.6, a brief in opposition to the motion to compel should have been filed no later than July 6, 2010. Defendants Feldspar Investments, Feldspar Properties, and Satterfield filed a notice with this court, also on July 12, 2010, in which the defendants indicate that they had served, on July 2, 2010, answers to interrogatories and responses to the plaintiffs' prior request for documents. (Rec. Doc. No. 98 at 1). In addition, defendants Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, Satterfield, Feldspar Properties, and Feldspar Investments indicate that they served, on July 14, 2010, initial disclosures concerning the plaintiffs' amended complaint. (Rec. Doc. No. 99 at 1). Plaintiffs filed a reply brief in support of their motion to compel on July 26, 2010. (Rec. Doc. No. 100).

The two above motions are ripe for disposition. First, as to the plaintiffs'

motion for sanctions (Rec. Doc. No. 90), the court will order that an evidentiary hearing concerning the motion be held, at the convenience of the court. The court believes that an evidentiary hearing as to the motion for sanctions is especially appropriate (1) in light of the factual discrepancies concerning the alleged actions underlying the plaintiffs' motion, and (2) as the plaintiffs contend that a default judgment, the most drastic of all sanctions, is the only appropriate sanction available to the court. Second, the court will grant the plaintiffs' motion to compel. (Rec. Doc. No. 94).

**III. DISCUSSION**

**A. Motion for Sanctions against Defendants Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, and Satterfield**

The allegations contained within the plaintiffs' motion for sanctions and supporting brief are, to put it mildly, extremely disturbing. Plaintiffs, with their motion, seek to place their allegations in the context of the overall dispute, which arises from the EPA's initial suit in the early 1990s and as far back as the beginning of the plaintiffs' ownership of the property, which began with their purchase of the property in 1978. It is the plaintiffs' contention that, for the last several years, the defendants have totally ignored their duties during discovery and actively destroyed evidence critical to the plaintiffs' claims, especially those

claims recently added in plaintiffs' amended complaint. (See Rec. Doc. Nos. 43, 57, 58).

As alleged by the plaintiffs, the basis for their motion for sanctions is as follows. In November of 2008, the plaintiffs served a subpoena duces tecum upon a law firm that the plaintiffs believed had files relevant to their claims against the defendants. (Rec. Doc. No. 90). After the plaintiffs were informed that a former attorney, John Mooney, Esq., actually had the files, the plaintiffs served a subpoena duces tecum upon Mr. Mooney in December of 2008. Id. Mr. Mooney informed the plaintiffs that the files sought were in fact possessed by C. George Caudle, Esq., an attorney who had served the defendant corporations in a legal capacity on prior occasions. Id. at 8-9; see also Exhbts. X, Y, Z. At the end of December of 2008, plaintiffs served a subpoena on Caudle. Id. at 9. With this subpoena, plaintiffs sought non-privileged documents concerning their contribution and indemnification action, as well as the Valmont Group, shareholder liability, the defendant corporations' insurance policies, environmental issues and payments made to the United States based upon this court's 1994 judgment, lease of the plant at the property, and a stock buyout and investments of Rossville Investments. Id. at 9; Exhbts. Y, Z, AA. Plaintiffs contend that these documents would have assisted them in supporting a number of

10

claims raised in their amended complaint.  Id. at 9-10.  Plaintiffs also claim that Satterfield and, therefore, the defendant corporations, knew as early as 2004 about the existence of these documents and that the corporations neither disclosed, supplemented disclosures, nor produced the documents to plaintiffs.  Id. at 10.

In addition, plaintiffs contend that Satterfield destroyed six or seven boxes of documents responsive to the subpoena served on Attorney Caudle.  After Attorney Caudle received the subpoena, he contacted Satterfield, indicating that Satterfield should obtain counsel to review the documents for privileged information.  Id. at 12.  At that time, Caudle indicated that he possessed a number of documents that were responsive to the subpoena.  Id.  Eventually, Caudle returned the documents to Satterfield, who then destroyed them.  No copies of these documents were made.  Id.

In response, the defendants first address the question of whether the defendants should be sanctioned for their failure to, in the past, provide adequate answers to the plaintiffs' interrogatories.  The defendants concede "that prior responses to Interrogatories and identification of documents were not sufficient"; however, they contend that "[a] lesser sanction, such as the adverse inference, would certainly be more appropriate with respect to the Defendant Corporations not adequately answering interrogatories in the past."  (Rec. Doc. No. 93 at 10).

11

Second, the defendants argue that an analysis of the Poulis[2] and Schmid[3] factors shows that a sanction of default judgment is not warranted, even if this court were to decide that some type of sanction were required. Id. at 20-21. In addition, the defendants dispute whether any sanction is warranted for the spoliation or destruction of evidence; in support, defendants claim that Satterfield did not

---

[2] In Poulis, the Court of Appeals for the Third Circuit laid out the following factors a court is to consider in deciding whether a default judgment as sanction is appropriate:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis included).

[3] In Schmid, the Third Circuit described the following factors a court is to consider in deciding whether a sanction for spoliation of the evidence is warranted:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994).

wilfully destroy any evidence and that, "[a]t a minimum, there is a significant and disputed material of fact as to whether there was any willful spoliation of evidence." Id.

"District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). It also true that the Third Circuit has often stated that "the sanction of dismissal is disfavored absent the most egregious circumstances." United States v. $ 8,221,877.16 in United States Currency, 330 F.3d 141, 161 (3d Cir. 2003). However, a sanction such as default judgment, though extremely severe, "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id. at 1374 (citing NHL v. Metro. Hockey Club, 427 U.S. 639, 642 (1976)).

The allegations put forth by the plaintiffs, if true, state a compelling case for the very harshest of sanctions available to this court. After all, the rules that govern proceedings before this court, from the Federal Rules of Civil Procedure to the Rules of Evidence, are put in place to create an even playing field. If one party

13

gains advantage by the tactics of destruction or delay, as the plaintiffs allege has occurred in this case, all who depend upon the judicial system to reach a fair result lose. This court is deeply troubled by the allegations of misconduct in this case and refuses to allow such conduct to continue. In a country in which men are governed by law and the rules of fair play, such blatant disregard for the orders of this court, and others, cannot be tolerated. However, as "dismissal deprives a litigant of his or her day in court, it is an extreme sanction which cannot be imposed unless all doubts are resolved in favor of reaching a decision on the merits, . . . and only after adequate notice and opportunity to be heard prior to dismissal has been afforded." Derzack v. County of Allegheny, 173 F.R.D. 400, 414 (W.D. Pa. 1996) (citing Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126, 129 (3d Cir. 1987)) (internal citation omitted). As such, we will order an evidentiary hearing as to the conduct underlying the motion for sanctions. After this hearing, the court will issue an order applying the facts we find to applicable law.

### B. Motion to Compel Disclosures and Responses to Plaintiffs' Discovery Requests Served on Defendants Feldspar Investments, Feldspar Properties, and Satterfield

Second, plaintiffs seek an order from this court compelling defendants Feldspar Investments, Feldspar Properties, and Satterfield to make disclosures to

plaintiffs and respond to plaintiffs' discovery requests. (Rec. Doc. No. 94). More specifically, plaintiffs seek an order compelling the defendants to do the following:

> to make, in good faith, the disclosures required by Rule 26(a); to provide full and complete responses to the interrogatories and produce documents responsive to the document requests Plaintiffs served upon them within ten days of the date of the Court's order; and to pay Plaintiffs' reasonable expenses, including attorney's fees, in making this motion.

Id. at 5-6. Although defendants were required to file a brief with this court by July 6, 2010, no such brief was filed. Apparently, instead, the defendants, on July 12 and 14, 2010, filed notices indicating that discovery responses and initial disclosures had been served upon the plaintiffs. (Rec. Doc. Nos. 98 and 99).

According to Middle District Local Rule 7.6, "[a]ny party opposing any motion shall file a brief in opposition, together with any opposing affidavits, transcripts or other documents, within fourteen (14) days after service of the movant's brief . . . ." In addition, if a party does not comply with Local Rule 7.6, that party "shall be deemed not to oppose such motion." We conclude that the defendants have failed to file a brief in opposition to the plaintiffs' motion to compel. Therefore, pursuant to Local Rule 7.6, we will deem the motion to compel as unopposed and grant said motion.

15

## IV. CONCLUSION

In light of the above, this court will order that an evidentiary hearing be held, at the convenience of the court, so as to make a factual determination as to the conduct underlying the motion for sanctions. (Rec. Doc. No. 90). After such hearing, the court will decide whether a sanction is appropriate and, if so, the type of sanction that is appropriate in light of those factors described by the Third Circuit in Poulis. As to the plaintiffs' motion to compel, this motion will be granted. (Rec. Doc. No. 94).

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN SHULMAN, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:08-CV-0229 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CHROMATEX, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

October 8, 2010

Now, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. An evidentiary hearing will be scheduled, at the convenience of the court, so as to make a factual determination as to the conduct underlying the motion for sanctions. (Rec. Doc. No. 90).

2. Upon the conclusion of the above-described evidentiary hearing, the court will decide whether a sanction is appropriate and, if so, the type of sanction appropriate in light of those factors described by the Third Circuit in Poulis.

3. The plaintiffs' motion to compel is **GRANTED**. (Rec. Doc. No. 94).

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
