# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN SCHULMAN, ET AL., | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-CV-0229 |
| v. | |
| CHROMATEX, INC., ET AL., | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM ORDER

Before me is Plaintiff's Motion for Sanctions (Doc. 90) which is based on the alleged bad faith of Ronald W. Satterfield ("Satterfield"), the Chief Executive Officer of entities Plaintiffs claim are liable in an environmental cleanup in the Valmont Industrial Park in Hazleton, Pennsylvania. A hearing was held on this motion on April 5 and April 6, 2011 at which evidence was presented.

## BACKGROUND

This controversy centers on the actions of C. George Caudle, Esquire ("Caudle") and Satterfield with respect to records which Caudle made available to Satterfield while the same were the subject of a subpoena duces tecum ultimately served by Plaintiffs on Caudle. Satterfield was aware of the subpoena for the documents, and further, at this time, November, 2008, he was aware that Plaintiffs were seeking documents relating to the entities with which he was connected and their potential liability to at least share in the cost of the environmental remediation. (Pl.'s Ex. 29 with attachment Pl.'s Ex. 19.) Caudle sent a letter to many of his clients and former clients including Satterfield to the effect that they should retrieve files they wanted to have or they would be destroyed. In response,

Satterfield told Caudle to destroy the files he had, but Caudle advised Satterfield he would not destroy any files that might be the subject of a discovery subpoena. (Pl.'s Ex. 10.) This was dated November 17, 2008; Plaintiff's Exhibit 29 is dated November 12, 2008.  On January 7, 2009, Satterfield went to Caudle's office.  Caudle was not there.  Caudle's office apparently gave the documents to Satterfield who destroyed them.  Satterfield testified that he confirmed with Caudle's office that they (Caudle's office) had what they needed to respond to the subpoena.  At the same time, Satterfield also knew from his Pennsylvania lawyers that the documents were germane to the litigation and that the Plaintiffs were pursuing the litigation with vigor. (Pl.'s Ex. 29.) It is clear that Satterfield understood that the issue involved in the document "production/destruction" was derivative corporate and shareholder liability, the latter of which was particularly applicable to Satterfield.  The very least Satterfield should have done was to confirm with Caudle himself that the documents could be destroyed.  He cannot shift the blame for destruction on such a flimsy basis. Responsible inquiry was necessary to negate bad faith.

While the Plaintiffs seek the severe sanction of judgment on the merits, I must first apply the *Poulis* factors, i.e., (1) responsibility of the party; (2) prejudice to the opposing party; (3) history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and, (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).

**(1)     The extent of Satterfield's responsibility.**

As noted, Satterfield well knew of the relevance of the documents and the Plaintiffs' interest in having them.  He knew they were the subject of the subpoena, and he did not meet his responsibility when he failed to exercise due diligence in inquiring directly with

Caudle and/or his Pennsylvania counsel before he destroyed the documents.

**(2)    Prejudice to Plaintiffs.**

The Plaintiffs suffer prejudice by not having the documents.

**(3)    A history of dilatoriness.**

There was some evidence of delay. The production of records could have been expedited by Satterfield.

**(4)    Whether the conduct was willful or in bad faith.**

In my view, the conduct was willful and in bad faith. Satterfield was well aware of the relevance of the documents and Plaintiffs' requests for them. His rather weak effort to suggest that upon assurance from Caudle's employee that Caudle had what he needed to respond to the subpoena suggests a ruse to cover bad faith. Moreover, Satterfield knew from his Pennsylvania lawyers, apart from the subpoena to Caudle, that even if there were not a direct request for these documents, his counsel would want to be made aware of them. The conclusion is inescapable that he destroyed the records willfully and in bad faith in order to avoid the potential liability sought to be imposed by Plaintiffs.

**(5)    The effectiveness of sanctions other than dismissal.**

I have concluded that instructing that the Satterfield defendants are subject to an adverse inference, i.e., that the destroyed documents would be favorable to the Plaintiffs and harmful to those defendants is the appropriate sanction. This is, in part, due to the harm that a dismissal would visit on Culp, Inc., an innocent party to the foregoing "production/destruction" issue. Dismissal would deprive Culp, Inc. the opportunity to defend itself.

**(6)     The meritoriousness of defense.**

Little attention was given to this factor.  Therefore, I conclude it is neutral.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion will be granted.  The Defendants, Chromatex, Inc., Rossville Industries, Inc., Rossville Companies, Inc., Rossville Investments, Inc. f/k/a A & E Leasing Company and Ronald W. Satterfield will be sanctioned by having an instruction that the destruction of the documents results in an adverse inference to the Defendants, Chromatex, Inc., Rossville Industries, Inc., Rossville Companies, Inc., Rossville Investments, Inc. f/k/a A & E Leasing Company and Ronald W. Satterfield,  namely that the destroyed documents would support the Plaintiffs' claim and would be inconsistent with the defense of Defendants, Chromatex, Inc., Rossville Industries, Inc., Rossville Companies, Inc., Rossville Investments, Inc. f/k/a A & E Leasing Company and Ronald W. Satterfield.

Date:  July 14, 2011                                  /s/ A. Richard Caputo
                                                                  A. Richard Caputo
                                                                  United States District Judge