**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ALAN SHULMAN, et al.,

    Plaintiffs,

    v.

CHROMATEX, INC., et al.,

    Defendants.

CIVIL ACTION NO. 3:08-0229

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before me is Plaintiffs' Motion for Reconsideration of my July 14, 2011 Order. (Doc. 137.) On July 14, 2011, I issued an Order granting the Motion for Sanctions filed by Plaintiffs Alan Shulman, Stanley Siegel, Ruth Cherenson as personal representative of the estate of Alan Cherenson, and Adrienne Rolla and M.F. Rolla as executors for the estate of Joseph Byrnes (collectively "Plaintiffs"). (Doc. 136.) Specifically, I determined that an instruction for an adverse inference would be imposed as a sanction for the willful spoliation of evidence by Defendants Chromatex, Inc., Rossville Industries, Inc., Rossville Companies, Inc., Rossville Investments, Inc. f/k/a A & E Leasing Company, and Ronald W. Satterfield (herein "Defendants"). (*Id*.) Plaintiffs now seek reconsideration of that Order. (Doc. 137.) Plaintiffs argue that the Order does not provide a sufficient remedy for Defendants' discovery related misconduct. (Doc. 138.) Because the imposition of an adverse inference was a proper and adequate sanction based on the evidence presented in support of Plaintiffs' Motion for Sanctions, reconsideration will be denied.

As I noted in the July 14, 2011 Memorandum Order, Plaintiffs' Motion for Sanctions was predicated on the bad faith of Ronald W. Satterfield ("Satterfield") in destroying documents relevant to Plaintiffs' claims in this litigation. (Doc. 136.) Based on Satterfield's conduct, I imposed an adverse inference as a sanction for his intentional spoliation of evidence. (*Id*.) While Plaintiffs do not oppose the imposition of an adverse inference on Defendants, they claim that I failed to address their arguments for expenses and fees based on Defendants refusal to comply with prior discovery Orders and their request for entry of

a default judgment against Defendants. (Doc. 138.) Thus, they seek reconsideration of the July 14, 2011 Memorandum Order. (Doc. 137.)

Plaintiffs' motion for reconsideration arises under Middle District Local Rule 7.10. The procedure for such reconsideration is essentially the same as a motion to alter or amend judgment brought under Rule 59(e), except that it allows for reconsideration of any court order, and is not limited to the entry of judgment. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06–CV–1105, 2011 WL 4916397, at *2 (M.D. Pa. Oct.17, 2011) (clarifying that the "difference between a motion for reconsideration under Local Rule 7.10 and a motion to alter or amend judgment under Rule 59(e) is that a motion for reconsideration under Local Rule may be filed in response to any order of the court, not solely after the entry of judgment.").

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

Here, Plaintiffs have not identified any errors of fact or law in support of my finding that the proper discovery sanction against Defendants was imposition of an adverse

inference instruction. Moreover, Plaintiffs have not offered new evidence in support of their motion for reconsideration that was unavailable when I issued the Memorandum Order. Furthermore, while Plaintiffs assert that I failed to consider their additional arguments for default judgment and expenses and fees, this is not the case. While the Memorandum Order did not elaborate in detail as to all arguments advanced by the parties, my decision to impose an adverse inference was based upon the submissions of the parties as well as a two-day hearing with which the parties presented evidence as to the proper sanction for Defendants' discovery misconduct. Based on that evidence, I concluded that the proper sanction for the discovery violations underlying Plaintiffs' motion for sanctions was to impose an adverse inference on Defendants as opposed to entering a default judgment against them. And, as Plaintiffs have not convinced me that I committed a clear error of fact or law in limiting sanctions against Defendants to an adverse inference instruction, Plaintiffs' motion for reconsideration will be denied.

**NOW**, this 5th day of June, 2012, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 137) is **DENIED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge