**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALAN SHULMAN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-0229 |
| v. | (JUDGE CAPUTO) |
| CHROMATEX, INC., et al., | |
| Defendants. | |

**ORDER**

**NOW**, this 10th day of August, 2012, having considered Plaintiffs' Motion for Sanctions and a Rule to Show Cause why Defendants Feldspar Properties, LLC, Feldspar Investments, LLC, and Ronald W. Satterfield (collectively "Defendants") Should Not Be Held in Contempt of Court (Doc. 139), the responses thereto, and the evidence presented at the Show Cause Hearing on July 19, 2012, **IT IS HEREBY ORDERED** that Defendants are in contempt of this Court's October 8, 2010 Order for their failure to provide adequate responses to Plaintiffs' interrogatories, to produce documents in response to Plaintiffs' document requests, and to produce electronically stored information in the native format in which it is ordinarily maintained.

(A)  **Beginning this day**, and continuing indefinitely until the Court is assured by Plaintiffs' counsel that Defendants have complied with this Order, **Defendants shall pay a total of five hundred dollars ($500.00) per day to the Clerk of Court for the United States District Court for the Middle District of Pennsylvania until full, complete, and good faith responses are provided to the following discovery requests**:

**Defendant Feldspar Investments, LLC**

1. Document Request No. 4, all documents that reflect or constitute:

    a.  The sources of the company's capital contributions beyond the initial capital contribution of $1,000.00; assets, including acquisition, sale or liquidation of assets; debts and liabilities; expenditures; records of

        company actions; company formation documents; and state company filings.

    b.    Company financial or accounting data as it is maintained in a QuickBooks electronic accounting system.

2. Document Request No. 7

    a.    All tax return information, i.e., underlying financial information from which the returns were compiled (such as check register, canceled checks, invoices, lease agreements, IRS Form 1099s, income statements, salary, receipts, bases for deductions), for years 2001 through the present.

    b.    All state tax returns for the years 2001 through the present.

3. Document Request No. 8

    a.    All documents relating to any loans made by, to, or on behalf of Feldspar Investments for the years 2001 through the present (other than the Promissory Note, dated October 1, 2001, under which Feldspar Investments promised to pay $3,106,657.91 to Rossville Investment, Inc.).

    b.    All documents evincing satisfaction of the Promissory Note described above, such as canceled checks, bank account statements, or satisfaction notice from the note holder.

4. Document Request No. 9

    a.    All documents reflecting payments received by or on behalf of Feldspar Investments for the years 2001 through the present.

5. Document Request No. 10

    a.    All documents reflecting accounts held by, or on behalf of, Feldspar Investments at any bank or other financial institution for the years 2001 through the present.

6. Document Request No. 11

    a.    All documents that outline, list, inventory or reflect the contents of files relating to Feldspar Properties, Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, A&E Leasing Company, Chromatex Properties, Management Associates, Feldspar Investments, Ronald W. Satterfield, W. Frank Hutcheson or Culp, regardless of whether the contents of those files currently exist.

**Defendant Feldspar Properties, LLC**

1. Document Request No. 4.  All documents that reflect or constitute:
   a. The sources of the company's capital contributions beyond the initial capital contribution of $1,000.00; assets (other than the two properties acquired from Rossville Investments for $1,525,000.00 in exchange for a promissory note); acquisition or sale of assets; consideration and payment(s) of consideration; debts and liabilities; expenditures; records of company actions; company formation documents; and state company filings.
   b. The Promissory Note by which Feldspar Properties was to pay Rossville Investments $1,525,000.00 for Feldspar's purchase of real property, which was to be attached as Exhibit C to the Real Estate Sales Agreement.

2. Document Request No. 7
   a. All tax return information, i.e., underlying financial information from which the returns were compiled (such as check register, canceled checks, invoices, lease agreements, IRS Form 1099s, income statements, salary, receipts, bases for deductions), for years 2001 through the present.

3. Document Request No. 8
   a. All documents relating to any loans made by, to, or on behalf of

       Feldspar Properties for the years 2001 through the present.

   b. The Promissory Note by which Rossville Investments agreed to sell to Feldspar Properties two properties for a total purchase price of $1,525,000.00

   c. All documents evidencing satisfaction of the Promissory Note, such as canceled checks, bank account statements, or satisfaction notice from the note holder.

4. Document Request No. 9

   a. All documents reflecting payments received by or on behalf of Feldspar Properties for the years 2001 through the present.

5. Document Request No. 10

   a. All documents reflecting accounts held by, or on behalf of Feldspar Properties at any bank or other financial institution for the years 2001 through the present.

6. Document Request No. 11

   a. All documents that outline, list, inventory or reflect the contents of files relating to Feldspar Properties, Chromatex, Rossville Industries, Rossville Companies, Rossville Investments, A&E Leasing Company, Chromatex Properties, Management Associates, Feldspar Investments, Ronald W. Satterfield, W. Frank Hutcheson or Culp, regardless of whether the contents of those files currently exist.

**Defendant Ronald W. Satterfield**

1. Interrogatory No. 5

   a. Identify the assets held in Irrevocable Trust No. One of Ronald W. Satterfield dated January 23, 1995, the sources of those assets, any transfers of assets to or from the trust, and identify all real estate trusts.

2. Interrogatory No. 6

   a. Identify the assets held; the sources of those assets; and/or transfers of assets to or from the RWS Family Limited Partnership.

3. Interrogatory No. 9

   a. Identify all gifts of the assets, including property and stock, of any [Rossville] Affilliate (as defined in Plaintiffs' discovery requests) given by You or on Your behalf since 1993, identifying the date and nature of the transaction, the gift given, and the name and address of the recipient.

4. Interrogatory No. 10

   a. Identify all gifts of a value of $10,000.00 or more that You gave, or that were given on Your behalf, since 1993 and for each such gift identify the date and nature of the gift, and the name and address of the recipient.

5. Interrogatory No. 11

   a. All assets transferred by You or on Your behalf since 1993, identifying the date and nature of the transaction, the asset transferred, the name and address of the transferee, and the consideration given for any such transfer, including transfers in or out of the RWS Family Limited Partnership and any consideration for any such transfer.

6. Interrogatory No. 13

   a. All loans taken by Your or on Your behalf from Rossville Investments, Chromatex, Rossville Industries, Rossville Companies, Feldspar Properties, Feldspar Investments, or from any Affiliate, including the dates and reasons for the loans, the amounts borrowed, and all dates and amounts of repayment of each loan or the reasons for non-repayment.

7. Document Request No. 5

   a. All documents relating to transfers of assets from Rossville Investments or any other Affiliate to You, to Your family, or to any business or trust owned or controlled, in whole or in part, by You or Your family.

   b. All documents relating to assets transferred pursuant to Promissory Note, dated October 1, 2001, under which Feldspar Investments promised to pay $3,106,657.91 to Rossville Investments.

   c. The Promissory Note given to Rossville Investments in exchange for the sale of real property to Feldspar Properties for $1,525,000.00.

   d. All documents evidencing satisfaction of the Promissory Note from Feldspar Properties to Rossville Investments, such as canceled checks, bank account statements, or satisfaction notice from the note holder.

8. Document Request No. 6

   a. Schedule B to Form 1040 for year 2008.

   b. Federal tax returns for 2010 and 2011.

   c. State tax returns for 2006 through the present.

   d. All tax return information, i.e., underlying financial information from which the returns were compiled (such as check register, canceled checks, invoices, lease agreements, IRS Form 1099s, income statements, salary, receipts, bases for deductions), for years 2006 through the present.

9. Document Request No. 7

   a. All federal tax returns (IRS Form 1065) or state tax returns from the RWS Family Limited Partnership, LP for years 2006 through the present.

   b. All tax return information underlying any business entity in which

> Defendant Satterfield is a member (i.e., Feldspar Investments, Feldspar Properties, or the RWS Family Limited Partnership, LP) for years 2006 through the present.

10. Document Request No. 8

   a. All documents relating to any loans made by, to, or on behalf of You from Rossville Investments or any other Affiliate for the years from 1993 to present.

11. Document Request No. 10

   a. All documents relating to Irrevocable Trust No. One of Ronald W. Satterfield dated January 23, 1995, including all documents that reflect or constitute the assets held and the sources of those assets; or any transfers of assets to or from the trust.

   b. All documents relating to real estate trusts.

   c. All tax returns or tax return information for all trusts.

(B) Defendants are liable to Plaintiffs for $6,897.00 in fees and expenses, as documented in the October 27, 2010 Petition for Fees, (Doc. 105), incurred in preparing their Motion to Compel. Payment shall be remitted to Plaintiffs **within ten (10) days** from the date of entry of this Order.

(C) Defendants are liable to Plaintiff for $7,140 in fees and expenses, as documented in the June 15, 2012 Statement of Fees and Expenses, (Doc. 166), incurred in preparing the Motion for Sanctions and for a Rule to Show Cause. Payment shall be remitted to Plaintiffs **within ten (10) days** from the date of entry of this Order.

(D) Plaintiffs may file with the Court a supplemental application for fees and expenses incurred in preparing for and attending the July 19, 2012 hearing **by August 17, 2012**. Defendants may file any response thereto **by August 24, 2012**.

(E) Defendants' liability under this Order shall be joint and several.

```
                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge
```