# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN SHULMAN, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:CV-08-0229 |
| v. | (JUDGE CAPUTO) |
| CHROMATEX, INC., et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Defendants Feldspar Investments, LLC, Feldspar Properties, LLC, and Ronald W. Satterfield's (collectively "Defendants") First Motion for Reconsideration (Doc. 181) of the Court's August 10, 2012 Order (Doc. 178) holding Defendants in contempt for refusing to provide responses to Plaintiffs' discovery requests in violation of the Court's October 8, 2010 Order.[1] Defendants contend that the five hundred dollar ($500.00) per day penalty has caused a manifest injustice warranting reconsideration of the Contempt Order. Defendants argue that had they been afforded a few more days to respond to Plaintiffs' discovery requests, it would have "obviated" the need for the contempt sanction. Defendants disregard, however, that for nearly two years they refused to provide responses to Plaintiffs' discovery requests in direct contravention of the Court's October 8, 2010 Order. Defendants' request is therefore without merit and the reconsideration motion will be denied.

## I. Discussion

As set forth at length in the Court's August 10, 2012 Memorandum (Doc. 177), a show cause hearing was held on July 19, 2012 to determine why Defendants should not be held in civil contempt for failure to comply with the Court's October 8, 2010 discovery Order.

---

[1] Also before the Court is Plaintiffs' statement of fees and expenses incurred in preparing for and attending the July 19, 2012 contempt hearing. (Doc. 180.) Defendants did not file a response to Plaintiffs' statement of fees.

Based on that hearing and the submissions of the parties, the Court found that Plaintiffs established by clear and convincing evidence that a civil contempt fine was necessary to coerce Defendants into complying with their discovery obligations. To ensure Defendants' compliance with the discovery order, Defendants were ordered to pay five hundred dollars ($500.00) per day to the Clerk of Court until full, complete, and good faith responses to identified discovery requests were provided to Plaintiffs. (Doc. 178.) Defendants were also informed that the daily assessment would continue until the Court received assurance from Plaintiffs' counsel that Defendants fulfilled their discovery obligations. (*Id*.)

On August 20, 2012, Defendants filed the instant motion for reconsideration of the Contempt Order. (Doc. 181.) As set forth in Defendants' brief in support of their request for reconsideration:

> These Defendants did not need to be coerced into making these additional discovery responses and were working on them when they received the Court's Order, dated August 10th, 2012.
>
> These Movants would respectfully request the Court to set aside the financial penalty of five-hundred dollars ($500.00) per day, or otherwise, forgive that $500.00 per day penalty, as these Defendants were earnestly engaged in producing the requested discovery responses when the Court entered its Order, and these Defendants have now complied with their obligations to make full, complete, and good faith responses to the Plaintiffs' oustanding discovery requests.
>
> . . .
>
> The Movants would urge the Court to consider the sequence of events and would ask the Court to consider the fact that the Defendants were diligently engaged in producing the additional requested discovery when the Court put down its August 10th, 2012 Order. In fact, had the Defendants been allowed (10) days within which to respond to the Plaintiffs' post-hearing Memorandum and Proposed Order, the Defendants would have submitted timely responses and would have obviated the need for the Court's Order. The financial penalty assessed against Satterfield, individually, and the Feldspar entities would work a manifest injustice upon them.

(Doc. 182, 3-4.)

In opposition to Defendants' motion, Plaintiffs contest Defendants' representations that all discovery was fully responded to by August 13, 2012. (Doc. 183, 4.) Rather,

2

"Defendants' supplemental answers and production, served on Plaintiffs on August 14 and 15, did not respond to certain categories of information sought." (*Id.*)  In addition, Plaintiffs argue that "Defendants' assertions that they should have had more time to cure their discovery deficiencies before sanctions were levied is not a proper basis for reconsideration of the Court's Contempt Order.  Defendants do not deny that they failed to comply with their discovery obligations and this Court's October 8, 2010 Order compelling discovery." (*Id.* at 7-8.)

Defendants' motion for reconsideration arises under Middle District Local Rule 7.10.  The procedure for such reconsideration is essentially the same as a motion to alter or amend judgment brought under Rule 59(e), except that it allows for reconsideration of any court order, and is not limited to the entry of judgment. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06–CV–1105, 2011 WL 4916397, at *2 (M.D. Pa. Oct.17, 2011) (clarifying that the "difference between a motion for reconsideration under Local Rule 7.10 and a motion to alter or amend judgment under Rule 59(e) is that a motion for reconsideration under Local Rule may be filed in response to any order of the court, not solely after the entry of judgment.").

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a

3

point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Defendants' request for reconsideration will be denied. Here, Defendants have not demonstrated any injustice that has occurred, let alone manifest injustice, by being held in contempt of Court after they knowingly disregarded a discovery order for nearly two years. Indeed, based on Defendants' repeated refusal and unwillingness to comply with its discovery obligations, Defendants' representation that with a few more days they "would have submitted timely responses and would have obviated the need for the Court's Order" is simply not credible.[2] Instead, Defendants' willingness to produce discovery appears to be directly related to the threat, and ultimate imposition, of a civil contempt sanction. Thus, the civil Contempt Order is producing its desired effect: to "coerce the defendant into compliance with the court's order." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 829, 114 S. Ct. 2252, 129 L. Ed. 2d 642 (1994). Reconsideration of the Contempt Order is therefore not necessary to prevent manifest injustice and Defendants' motion will be denied.

Additionally, Plaintiffs request recovery from Defendants of fees and expenses

---

[2] In fact, contrary to Defendants' claim that they have made full, complete, and good faith responses to the outstanding discovery requests, Plaintiffs have yet to indicate to the Court that Defendants' discovery obligations have been fulfilled. Thus, as set forth in the Contempt Order, the five hundred dollar ($500.00) per day sanction will continue until Plaintiffs' counsel assures the Court that Defendants have provided full, complete, and good faith responses to the outstanding discovery requests. (Doc. 178.)

4

incurred in preparing for and attending the July 19, 2012 hearing, a statement of which the Court instructed Plaintiffs to file by August 17, 2012. Plaintiffs timely submitted the statement of fees, requesting $4,390.00 in fees and $177.00 in expenses. (Doc. 180.) Defendants, as noted, did not respond to this submission.

> Rule 37(b)(2)(C) provides:
>
> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). Courts typically use the lodestar method to calculate an award of expenses and attorney's fees as a sanction under Rule 37 against a party failing to comply with a discovery order. *See, e.g., Miles v. Elliot*, No. 94-4669, 2011 WL 5524842, at *1 (E.D. Pa. Nov. 14, 2011). The lodestar formula begins with the number of hours spent pursuing the claim multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Although the attorney's usual billing rate provides a starting point, this is not dispositive of whether the requested rate is reasonable. *Miles*, 2011 WL 5524842, at *2 (citing *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995)).

In preparing for and attending the July 19, 2012 hearing, Plaintiffs seek $4,390.00 in fees and $177.00 in costs. (Doc. 180.) The fee request is comprised of 14.5 hours for Marsha Sajer, a K& L Gates partner, at $300.00 per hour, and .40 hours for Troy Rohrbaugh, a K & L Gates paralegal, at $100.00 per hour. The requested $177.00 in costs are for copying expenses in preparing binders of exhibits for the July 19, 2012 hearing.

Plaintiffs' request for fees associated with preparing for and attending the July 19, 2012 hearing will be granted. Pursuant to Rule 37(b)(2)(C), as Defendants have not presented any evidence that their failure to comply with their discovery obligations was justified, the Court must order them to pay Plaintiffs' reasonable expenses. And, Plaintiffs'

requested rates and hours are reasonable.  Defendants shall therefore pay Plaintiffs the requested amounts of $4,390.00 and $177.00- for a total of $4,567.00- within ten days from the date of entry of the accompanying Order.

## II. Conclusion

For the above stated reasons, Defendants' motion for reconsideration will be denied and Plaintiffs' request for fees and costs incurred in preparing for and attending the July 19, 2012 hearing will be granted.

An appropriate order follows.

 October 9, 2012                                               /s/ A. Richard Caputo  
Date                                                                A. Richard Caputo  
                                                                         United States District Judge