**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ALAN SHULMAN, *et al.*,

    Plaintiffs,

        v.

CHROMATEX, INC., *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-08-0229

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is a dispute regarding Plaintiffs' refusal to provide responses to Defendants' discovery requests for: (1) information about Plaintiffs' financial affairs; and (2) information about insurance coverage that is available to pay the judgment for future response costs entered in *United States v. Chromatex, Inc., et al.*, No. 91-1501 (M.D. Pa. Feb. 9, 1994) (the "1994 Judgment"). Defendants Virigina Love and SunTrust Bank as Executors of the Estate of W. Frank Hutcheson seek to compel discovery of this information on the basis that it is relevant to the weighing of all pertinent equitable factors in adjudicating Plaintiffs' contribution claims, and assessing whether Plaintiffs have mitigated their damages in connection with their contract and tort claims. (Doc. 212.) Defendant Culp, Inc. asserts that the discovery sought by the Hutcheson Estate is pertinent in actions under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). (Doc. 215.)

In opposition, Plaintiffs argue that the information sought by Defendants is not for use in the instant case, but rather, is intended to discover information related to any future action brought by the government to enforce the 1994 Judgment. More specifically, Plaintiffs oppose Defendants' requests on the basis that discovery of these matters is not relevant to this action, nor is discovery of these matters likely to lead to the discovery of evidence admissible in this case. Plaintiffs, therefore, have requested a protective order to protect against discovery of these matters. (Doc. 214.)

I agree with Plaintiffs that the financial information requested by Defendants implicates and relates to a future action brought by the government to enforce the 1994 Judgment. Thus, Defendants' request to compel discovery of Plaintiffs' financial information will be denied, and Plaintiffs' request for a protective order forbidding discovery into this matter will be granted. However, because Defendants' request to compel discovery of Plaintiffs' insurance coverage is relevant to the extent that Plaintiffs seek recovery of costs that they have already received as insurance proceeds, Plaintiffs will be required to disclose information relating to their insurance coverage.

### A. Defendants' Request for Financial Information

First, Defendants argue that discovery of Plaintiffs' financial information should be granted pursuant to *Gould, Inc. v. A & M Battery & Tire Serv.*, 987 F. Supp. 353 (M.D. 1997) *vacated by*, 232 F.3d 162 (3d Cir. 2000), *B.F. Goodrich Co. v. Murtha*, 958 F.2d 1192, 1206 (2d Cir. 1992), and *United States v. R.W. Meyer*, 932 F.2d 568, 572-73 (6th Cir. 1991). According to Defendants, "'CERCLA's allocation scheme is an equitable determination, in which the district court must make its own factual findings and legal conclusions.'" *Gould*, 987 F. Supp at 367 (quoting *Control Data Corp. v. S.C.S.C. Corp.*, 53 F.3d 930, 938 (8th Cir. 1995)). In making this equitable determination in CERCLA actions, one "factor the Court may consider is the financial resources of the party, . . . " *Id*. at 372 (citing *B.F. Goodrich Co. v. Murtha*, 958 F.2d 1192, 1206 (2d Cir. 1992)). Plaintiffs dispute, however, that this case law is sufficient to support Defendants' demand for discovery of Plaintiffs' financial information. Plaintiff claims that none of the courts in the cases cited by Defendants applied the financial resources factor in determining the liability of the parties, nor did these courts "require the production of financial information."[1]

---

[1] Plaintiffs further emphasize that the Court would need to consider a number of other equitable factors prior to reaching the issue of Plaintiffs' financial

Here, Defendants have not demonstrated that the discovery related to Plaintiffs' financial wherewithal is relevant to the subject matter of the instant litigation. Instead, as noted by Plaintiffs, the information sought by Defendants implicates the government's ability to collect on the 1994 Judgment, an issue which will be addressed in an action brought by the government to enforce the judgment. And, the authority relied on by Defendants is not convincing support for the broad discovery request of Plaintiffs' financial information that has been sought in this case. Accordingly, Defendants' request to compel Plaintiffs to produce "all documents relating to all sources of revenue and income, assets held, bank and investment accounts, tax returns and tax information, and loans, transfers, indebtedness or forgiveness of debt for the period 2005 through the present" will be denied. Plaintiffs' request for a protective order forbidding discovery into these matters will therefore be granted.

## B. Defendants' Request for Insurance Information

Defendants' second discovery request implicates Plaintiffs' insurance coverage for the response costs sought by the EPA with respect to the 1994 Judgment. Specifically, Defendants assert that Plaintiffs have refused to identify the insurance company or provide any information about the insurance coverage. According to Defendants, discovery of this

---

wherewithal. In particular, Plaintiffs argue that the Court would need to consider the parties' intent as expressed in the indemnity agreement in allocating costs between the parties. As stated by the Third Circuit, "there is no basis in CERCLA's text or history for prioritizing *a priori* the parties' relative contributions of waste over their contractual intent to allocate environmental liability among themselves. To the contrary, CERCLA expressly authorizes private indemnity agreements." *Beazer E., Inc. v. MEAD Corp.*, 412 F.3d 429, 447 (citing 42 U.S.C. § 9607(e)(1); *Fisher Dev. Co. v. Boise Cascade Corp.*, 37 F.3d 104, 110 (3d Cir. 1994)). And, under CERCLA, "if a purchaser were found liable for cleanup costs, it could then seek cost recovery or contribution from the seller absent an indemnification agreement to the contrary." *Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 135 (3d Cir. 2001).

3

information is required because a party may not recover under CERCLA for remediation costs that have been reimbursed under an insurance policy. *See, e.g., N.Y. State Elec. & Gas Corp. v. FirstEnergy Corp.*, 808 F. Supp. 2d 417, 526 (W.D.N.Y. 2011) ("under CERCLA as between two [potentially responsible parties], and that as such a party cannot recover contribution, in whole or in part, for remediation costs that have been reimbursed under an insurance policy."). In opposition, Plaintiffs assert that the Federal Rules of Civil Procedure only require disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26((a)(1)(A)(iv). And, because there are no counterclaims against Plaintiffs in this action, they argue that their insurance agreement is not relevant to the resolution of this dispute as there is no possible judgment that any insurer may be liable to satisfy on behalf of Plaintiffs.

Unlike the discovery related to Plaintiffs' financial wherewithal, Defendants' request to discover Plaintiffs' insurance information may lead to evidence relevant to the instant case. In particular, Plaintiffs seek contribution from Defendants for all of the response costs for which Plaintiffs may be liable to the EPA for now or in the future. (*Am. Compl.*, ¶¶ 115-117.) To the extent that Plaintiffs successfully obtain a judgment against Defendants, Plaintiffs, however, will be prohibited from recovering from Defendants under CERLCA expenses paid that have previously been reimbursed under the insurance policy. *See, e.g., Yankee Gas Servs., Inc. v. UGI Utils., Inc.*, 852 F. Supp. 2d 229, 255 (D. Conn. 2012) ("the Court holds that a portion of the insurance proceeds Yankee Gas has received must be used to reduce the parties' overall liability for response costs"); *N.Y. State Elec. & Gas Corp.*, 808 F. Supp. 2d at 526; *Basic Mgmt. Inc. v. United States*, 569 F. Supp. 2d 1106, 1123 (D. Nev. 2008) ("plain reading of this statutory language favors Defendants' interpretation that the double recovery bar prevents Plaintiffs from recovering costs paid by

4

AISLIC"); *Raytheon Aircraft Co. v. United States*, No. 05–2328, 2007 WL 4300221, at *3 (D. Kan. Dec. 8, 2007) ("the court nonetheless will consider insurance payments and other payments or credits received by Raytheon as an equitable allocation factor in calculating any judgment in this case"). As such, Defendants' request to compel discovery of Plaintiff's insurance coverage will be granted, and Plaintiffs' request for a protective order will be denied.

An appropriate order follows.

<u>November 13, 2012</u>             <u>/s/ A. Richard Caputo</u>
Date                                             A. Richard Caputo
                                                      United States District Judge